**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**James Edward BAGBY, Defendant–**
**Appellant.**

**No. 13–10219.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 18, 2013.*

Filed Feb. 18, 2014.

Christina M. McCall, Office of the U.S. Attorney, Oakland, CA, David Countryman, Barbara Valliere, Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

James Edward Bagby, Herlong, CA, pro se.

---

Before: HUG, FARRIS, and LEAVY, Circuit Judges.

MEMORANDUM **

James Edward Bagby appeals pro se from the district court's order denying his 18 U.S.C. § 3582(c)(2) motion for reduction of sentence. We review de novo the issue of whether a district court has the authority to reduce a sentence under 18 U.S.C. § 3582(c)(2). *United States v. Pleasant*, 704 F.3d 808, 810 (9th Cir.2013). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Bagby contends that he is eligible for a reduction of his sentence under 18 U.S.C. § 3582(c)(2) because his sentence was based on U.S.S.G. § 2D1.1, which subsequently was amended by the Sentencing Commission. However, in accordance with the binding plea agreement, the court did not rely on U.S.S.G. § 2D1.1 to calculate the Guidelines range, but instead relied on the Career Offender guideline, U.S.S.G. § 4B1.1. Therefore, Bagby's sentence was not based on a sentencing range that subsequently has been lowered by the Sentencing Commission. *See United States v. Wesson*, 583 F.3d 728, 730–32 (9th Cir.

---

Court is **DENIED.** Boorstein has only requested review by the California Supreme Court.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

2009). In addition, a reduction would not be consistent with the Sentencing Commission's policy statements because the Guidelines range calculated prior to any variance has not been lowered as a result of an amendment. *See* U.S.S.G. § 1B1.10 cmt. n. 1(A); *Pleasant,* 704 F.3d at 811–12. Thus, Bagby did not satisfy the criteria required to be eligible for a sentence reduction and the district court did not err when it denied Bagby's motion. *See Wesson,* 583 F.3d at 730–32.

**AFFIRMED.**

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.